# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
LIZETTE STILLABOWER,              *
Individually and as Legal         *
Representative of her Minor       *
Daughter, A.H.,                   *
                                  *    No. 17-265V
             Petitioner,          *    Special Master Christian J. Moran
                                  *
v.                                *    Filed: January 24, 2020
                                  *
SECRETARY OF HEALTH               *    Attorneys' Fees and Costs
AND HUMAN SERVICES,               *
                                  *
             Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

Sean F. Greenwood, Greenwood Law Firm, Houston, TX, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 13, 2019, petitioner Lizette Stillabower moved for final attorneys' fees and costs. She is awarded **$64,195.76**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\* \* \*

On February 23, 2017, Lizette Stillabower filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, on behalf of her minor daughter, A.H. The petition alleged that the third dose of the human papillomavirus vaccine caused A.H. to suffer a condition known as Evans syndrome. On June 27, 2019, the undersigned issued his decision denying entitlement and dismissing the petition.  Decision, 2019 WL 3564462.

On August 13, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $58,452.60 and attorneys' costs of $17,588.66 for a total request of $76,041.26. Fees App. at 1. Petitioner represents that she has not incurred any costs personally. General Order #9 Statement, filed August 13, 2019.  On August 14, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner filed a reply on August 14, 2019, reiterating her belief that the requested amount of fees and costs was reasonable. Reply at 1.

\* \* \*

Petitioners who have not been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C.§300aa—15(e)(1). Here, the matter necessitated multiple expert reports and a fact hearing, and although petitioner was ultimately unsuccessful in her claim, the undersigned finds that the petitioner was filed in good faith, and that reasonable basis existed throughout the entirety of the case. Respondent also agrees that the statutory requirements for an award of attorneys' fees and costs have been met in this case.  Response at 2-3.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly

2

rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of her counsel: for Mr. Sean Greenwood, $325.00 per hour for work performed in 2016 and 2017, $337.00 per hour for work performed in 2018, and $363.00 per hour for work performed in 2019; and for Ms. Kayleigh Smith, $150.00 per hour for work performed in 2017, $215.00 per hour for work performed in 2018, and $275.00 per hour for work performed in 2019. Fees App. at 8-9. The undersigned finds the rates requested for Mr. Greenwood to be reasonable and consistent with what the undersigned as previously awarded him. See Moody v. Sec'y of Health & Human Servs., No. 16-513V, 2018 WL 7286513, at *4 (Fed. Cl. Spec. Mstr. Dec. 10, 2018).

Ms. Smith's requested 2019 rate requires reduction. Other special masters have previously reduced Ms. Smith's 2019 rate from $275.00 per hour to $225.00 per hour. See Palmore v. Sec'y of Health & Human Servs., No. 17-1340V, 2019 WL 6218813, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 18, 2019). The undersigned agrees with the reasoned analysis in Palmore and will also compensate Ms. Smith's 2019 work at $225.00 per hour. This results in a reduction of **$1,226.00**.[2] There is

---

[2] ($275.00 per hour requested - $225.00 per hour awarded) * 24.52 hours = $1,226.00.

also one instance of Ms. Smith billing time at the wrong rate – an entry on October 16, 2017, which was billed at her 2018 rate rather than her 2017 rate. Fees App. Ex. 4 at 5. Correction of this error results in a reduction of **$19.50**.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the billed hours to be mostly reasonable. The only exception is for a small amount of paralegal work performed by Mr. Greenwood and Ms. Smith billed at attorney rates rather than paralegal rates. When performing work which could be performed by a paralegal, attorneys generally are paid for their time but at a paralegal rate. Bratcher v. United States, 136 Fed. Cl. 786, 796, reconsideration denied, 137 Fed. Cl. 645 (2018). Examples of this paralegal work include filing documents, scheduling events, preparing medical records requests, and highlighting medical literature. To compensate for these issues, the undersigned shall reduce the final award of fees by **$1,000.00**. Petitioner is thus awarded final attorneys' fees of **$56,207.10**.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $17,588.66 in costs. Fees App. Ex. 4 at 22. The majority of this amount ($16,000.00) is for work performed by petitioner's expert, Dr. Eric Gershwin, while the remaining amount is comprised of acquiring medical records, postage, and the Court's filing fee. These other costs are typical of Vaccine Program litigation and petitioner has submitted adequate documentation to support them. They are therefore awarded in full. Dr. Gershwin's work, however, requires further discussion.

Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013). In this case, Dr. Gershwin has billed for 32 hours of work at a rate of $500.00 per hour.

To determine the reasonableness of a proposed rate, special masters may consider the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 206 (2009). Furthermore, "[p]etitioner has the burden of providing the foregoing information concerning expert fees." Id. Special masters may reduce an expert's hourly rate when the expert's work is substandard. Frantz v. Sec'y of Health & Human Servs., No. 13-158V, 2019 WL 6974431, at *8 (Fed. Cl. Nov. 13, 2019).

Dr. Gershwin's requested rate of $500 per hour is consistent with previous awards in most cases. Hoskins v. Sec'y of Health & Human Servs., No. 15-71V, 2017 WL 3379270, at *4 (Fed. Cl. Spec. Mstr. July 12, 2017). However, in this case, Dr. Gershwin has not earned this rate because the quality of his work was poor. See Sabella, 86 Fed. Cl. at 206 (indicating that a special master may consider the quality of an expert's work).

After an order tentatively finding facts, petitioner proposed obtaining a report from an expert to bolster her case. This yielded Dr. Gershwin's first report, which cited more than 300 medical articles, but "appeared deficient in that Dr. Gershwin accepted assertions from Ms. Stillabower's affidavit that were not accepted in the order tentatively finding facts. In addition, Dr. Gershwin did not adequately address the timing in A.H.'s case." Decision, 2019 WL 3564462, at *1 (citing order, issued Sep. 6, 2018). Therefore, the undersigned ordered petitioner to obtain a second expert report from Dr. Gershwin that addressed these deficiencies.

Following the filing of the second report, in a status conference on December 19, 2018, the undersigned noted that Dr. Gershwin's report continued to ignore the undersigned's findings of fact, and overall proposed an untestable and thus unknowable theory, molecular mimicry, to explain the connection between A.H.'s vaccination and the onset of her Evan's syndrome. Order, issued December 20, 2019. Ultimately, in dismissing the petition, the undersigned noted that Dr. Gershwin's report "did not set forth any proposed [timing] range", "offer[ed] nothing to substantiate the theory" of molecular mimicry, and therefore "Dr. Gershwin's report does not advance Ms. Stillabower's case." Stillabower, 2019 WL 3564462 at *1, 3-4.

The deficient nature of Dr. Gershwin's initial expert report, combined with the unwillingness (or inability) to correct the identified flaws when given a second

chance, supports the undersigned's decision to reduce Dr. Gershwin's hourly rate for work performed on this case from $500.00 to $200.00 per hour. See Schoeberlein v. Sec'y of Health & Human Servs., No. 14-697V, 2018 WL 3991219, at *4 (Fed. Cl. Spec. Mstr. Jun. 22, 2018) (finding Dr. Gershwin's testimony "muddled and inconsistent" and therefore reducing his hourly rate to $200.00 per hour).

With respect to the hours billed in this matter, the undersigned finds them to be reasonable. Dr. Gershwin voluntarily reduced the total number of hours for which he billed. Fees App. Exhibit 6 at 1-2 (Dr. Gershwin's invoice showing he performed 42.75 hours of work but reduced it to 32 total hours to represent 4 total working days as a courtesy). Additionally, Dr. Gershwin did not bill any time after August 14, 2018. This omission is curious because the undersigned ordered petitioner to file a second expert report after August 14, 2018, and the attorneys' timesheets show that Ms. Smith discussed a report with Dr. Gershwin in November 2018. Nevertheless, 32 hours is reasonable for all expert work performed in this case. Consequently, a reasonable amount of compensation for Dr. Gershwin is $6,400.00.[3]

Accordingly, petitioner is awarded final attorneys' costs of **$7,988.66**.

E.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$64,195.76** (representing $56,207.10 in attorneys' fees and $7,988.66 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Sean Greenwood.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] $200 per hour * 32 hours = $6,400.00.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.